FILED
United States Court of Appeals
Tenth Circuit

June 23, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES SARDAKOWSKI,

      Plaintiff - Appellant,

v.

MARK IVANDICK, in his official
capacity; RANDY CHAPMAN, in his
official capacity; JOHN DOE, in his
official capacity; DISABILITY LAW
COLORADO,

      Defendants - Appellees.

No. 16-1140
(D.C. No. 1:16-CV-00232-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

James Sardakowski appeals the district court's dismissal of his civil action as

frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring court to screen in forma

pauperis (IFP) complaint and dismiss if court determines action is frivolous).

Because Sardakowski proceeds pro se on appeal, we liberally construe his filings. *See*

---

[*] After examining Sardakowski's brief and the appellate record, this panel has
determined unanimously to honor Sardakowski's request for a decision on the brief
without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is
therefore submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we won't act as his advocate. *See id.*

A claim is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Here, Sardakowski's amended complaint alleges that the defendants violated 42 U.S.C. § 10801 by failing to investigate Sardakowksi's previous allegations of abuse.[1] The district court characterized this claim as frivolous, reasoning that the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act of 1986, 42 U.S.C. §§ 10801-10851, doesn't "provide a private cause of action to an individual such as" Sardakowski. R. 37.

On appeal, Sardakowski argues that because the defendants "are funded by" § 10801, they "are required to investigate [his] claims of abuse." Aplt. Br. 3. Thus, he maintains, the district court erred in concluding that his complaint "asserts the violation of a legal interest that does not exist." *Id.* at 4. But Sardakowski doesn't challenge the district court's finding that the PAIMI Act doesn't provide a private cause of action for individuals like him. So he has waived any challenge to that finding. *See City of Colorado Springs v. Solis*, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009).

---

[1] Liberally construed, Sardakowski's original complaint also asserted a 42 U.S.C. § 1983 claim. But Sardakowski abandoned that claim in his amended complaint. And he doesn't address it on appeal. Thus, we confine our analysis to his § 10801 claim.

2

Because Sardakowski has waived any challenge to the district court's basis for dismissing his action as frivolous, we affirm. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) (affirming district court's dismissal of claim because appellant's opening brief failed to challenge district court's basis for dismissal). And while we grant Sardakowski's motion to proceed IFP on appeal, we remind him of his obligation to continue making payments until the filing fee is paid in full. *See* § 1915(b).

Entered for the Court

Nancy L. Moritz
Circuit Judge